# CASES

### IN THE

# SUPREME JUDICIAL COURT,

### OF THE

# STATE OF MAINE.

SALOME MARDEN *vs.* CHARLES P. JORDAN, JR.

Androscoggin, 1873.—August 3, 1874.

*Trespass. Landlord and Tenant.*

Trespass *quare clausum fregit* may be maintained by a tenant at will against his landlord for a forcible entry upon him before the tenancy is terminated.

The objection that trespass *quare clausum fregit* will not lie by a mortgageor against a mortgagee is not sustainable where the mortgageor is in possession under such an agreement as creates the relation of landlord and tenant between them.

On a motion for a new trial on the ground of newly discovered evidence, *held,* that the motion is not sustainable where most of the evidence claimed to have been newly discovered was known to the party before the trial, and the balance of it by due diligence might have been discovered before the trial as well as immediately after.

ON MOTIONS.

TRESPASS for breaking and entering the plaintiff's barn in Auburn, December 7, 1872, and taking and carrying away twenty tons of hay and two tons of corn fodder, valued in all at $380.

At the trial, at *nisi prius*, it appeared that the plaintiff was, at the time of the trespass complained of, and had been for about

two years, mortgageor in possession, and the defendant, mortgagee of the premises. The defense there was, that the goods taken were the property of the defendant, sold to him by the plaintiff and the price endorsed by agreement on her notes to him, and that the entry was by her permission. The verdict was for the plaintiff, $100 which the defendant moved to set aside as against evidence and against law.

*J. W. May*, for the defendant.

The fee of the estate being in the defendant as mortgagee, he had the right to enter unless there was an agreement to the contrary. *Blaney* v. *Bearce*, 2 Maine, 132. *Noyes* v. *Sturdivant*, 18 Maine, 104. *Howe* v. *Lewis*, 14 Pick., 329.

*C. C. Frost*, for the plaintiff.

WALTON, J. This is an action of trespass *quare clausum fregit;* and the jury having returned a verdict for the plaintiff, the defendant moves to have it set aside, because, as he claims, it is against law, and against evidence; and on the ground of newly discovered evidence.

I. It is claimed that the verdict is against law, because the plaintiff is mortgageor, and the defendant mortgagee, of the close into which the defendant is charged with having broken and entered. It is insisted that an action of trespass *quare clausum fregit* will not lie by a mortgageor against his mortgagee. This objection does not appear to have been taken at the trial; and we think it could not have been maintained if it had. The evidence very clearly indicates that the mortgageor was in possession of the mortgaged premises by virtue of a contract with the mortgagee, and that the relation of landlord and tenant existed between them; and we take it to be well settled that a tenant,—even a tenant at will,—may maintain trespass *quare clausum fregit* against his landlord, for a forcible entry upon him before the tenancy is terminated. *Brock* v. *Berry*, 31 Maine, 293. *Dickinson* v. *Goodspeed*, 8 Cush., 119.

II. We think the verdict cannot be said to be against the weight of evidence. On the contrary we think it fairly preponderates in

favor of the verdict. A new trial cannot therefore be granted on that ground.

III. Nor do we think a new trial ought to be granted on account of the alleged newly discovered evidence. The evidence alleged to have been newly discovered does not seem to us to be of a very reliable character; and most of it appears to have been known to the defendant before he went to trial, and is not, therefore, evidence newly discovered, if his witnesses are to be believed; and no reason is perceived why by the use of due diligence that portion of it which was not known to him might not have been as easily discovered before the trial as immediately after.

*Motions overruled.*

*Judgment on the verdict.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.